UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KERRY BULLERDICK,

    Plaintiff,

vs.                                    CASE NO. 8:10-CV-2739-T-17TBM

BALBOA INSURANCE COMPANY,

    Defendant.

_____/

ORDER

    This cause is before the Court on:

Dkt. 21  Motion for Summary Judgment
Dkt. 23  Statement of Undisputed Facts
Dkt. 25  Order extending time to 9/6/2011
Dkt. 26  Notice of Request for Neutral Evaluation and Motion for Stay
Dkt. 27  Opposition to Stay and to Request for Neutral Evaluation
Dkt. 32  Memorandum
Dkt. 33  Order denying Motion to Stay as moot
Dkt. 34  Order to Show Cause
Dkt. 35  Order Staying Case
Dkt. 37  Status Report
Dkt. 38  Status Report

    In this case, Plaintiff Kerry Bullerdick sued Defendant Balboa Insurance Company for breach of contract. Plaintiff Bullerdick is the owner of real property located at 13337 Carol Drive, Hudson, Pasco County, Florida. In the Complaint, Plaintiff Bullerdick alleges that Plaintiff obtained a policy of homeowner's insurance from Defendant Balboa Insurance Company for the property. Plaintiff Bullerdick alleges that Plaintiff discovered progressive damage covered by the homeowner's insurance policy on September 12, 2009, which is within the policy period, that Plaintiff applied for

Case No. 8:10-CV-2739-T-17TBM

insurance benefits under the policy, but Defendant has refused to pay. The basis of jurisdiction is diversity.

Defendant Balboa Insurance Company moved to dismiss under Rule 12(b)(6). The Court denied Defendant's Motion. The Court noted the "Loss Payment" provision of the policy (Dkt. 4-1, p. 12, par. 13), considered that there was no allegation or other indication of the current mortgage balance and the current value of the loss, and concluded that Plaintiff's claim for indemnification should not be dismissed. The Court further found that Plaintiff was a third party beneficiary of the subject insurance policy, based on Plaintiff's insurable interest in the property.

Defendant moved for summary judgment. Plaintiff requested an extension of time to respond to 9/6/2011, which the Court granted.

Plaintiff then requested a neutral evaluation under Ch. 627, Florida Statutes. Defendant Balboa Insurance Company opposed Plaintiff's Motion to Stay, arguing that Plaintiff Bullerdick is not the policyholder of the insurance policy at issue, Policy No. 4800-0100, and the right of neutral evaluation is the right only of the insurer and the policyholder. Ch. 627.7074, Florida Statutes. In this case, the insurer is Balboa Insurance Company and the policyholder–the named insured–was Countrywide Home Loans (Dkt. 21-4, p. 2), amended to BAC Home Loans Servicing, LP (Dkt. 21-4, p. 5).

On 10/19/2011, Defendant filed an e-mail communication from the State of Florida which indicated that the State of Florida was closing its file on Plaintiff's Request for Neutral Evaluation. The Court denied Plaintiff's Motion to Stay as moot, and entered an Order to Show Cause directed to Plaintiff (Dkts. 33, 34). Plaintiff responded to the Order to Show Cause, including the submission of an e-mail communication which stated that the eligibility of Plaintiff's request for neutral evaluation was under supervisory review (Dkt. 35, 35-4). The Court stayed this case

Case No. 8:10-CV-2739-T-17TBM

until a final decision by the Florida Department of Financial Services (Dkt. 36).

The Court extended the time to file to Defendant's Motion for Summary Judgment to 9/6/2011. Plaintiff Bullerdick did not file a response to Defendant's Motion for Summary Judgment. Instead, Plaintiff Bullerdick notified the Court of Plaintiff's request for neutral evaluation, and requested a stay. Ch. 627, Florida Statutes, requires a stay of court proceedings during the process. After the Court denied the Motion for Stay as moot, the Court stayed the case upon being notified that Plaintiff's request was under supervisory review. Presumably because of the stay, Plaintiff has not to date filed a response to Defendant's Motion for Summary Judgment.

Federal courts are courts of limited jurisdiction, and are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). If at any time during the proceedings the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action. See Fed. R. Civ. P. 12(h)(3). Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claim.

As to Plaintiff's standing, the Court has given further consideration to the terms of the subject Insurance Policy (Dkt. 21-4), and BAC Home Loans Servicing, LP's notice to Plaintiff concerning the hazard insurance requirements under the terms of the loan on Plaintiff's property (Dkt. 21-5).

Plaintiff Kerry Bullerdick was required to maintain hazard (homeowner's) insurance on the mortgaged property, under the terms of the loan agreement (Dkt. 21-5). When Bank of America did not receive proof of hazard insurance, Bank of America obtained Policy 4800-0100 from Balboa Insurance Company under the "Risk Based Lenders Protection Program." The applicable policy includes the Declarations Page, Endorsements, Lender's General Form, the Residential Property Fire Insuring

3

Case No. 8:10-CV-2739-T-17TBM

Form, the Manufactured Home Fire Insuring Form, and the Florida Amendatory Endorsement (Dkt. 21-4).

Under the defined terms of the policy "YOU" meant "BAC Home Loans Servicing, LP. "WE" meant Balboa Insurance Company, the Company underwriting the insurance. "BORROWER" meant Kerry Bullerdick, the homeowner who obtained a mortgage from Bank of America.

The Lender's General Form states:

**Risk Based Protection**

In consideration of the payment of the premium, and subject to all provisions of the policy forms issued under this Policy, WE agree to indemnify YOU or YOUR legal representative for any amount that YOU may be entitled to recover as the result of a covered LOSS.

The Residential Property Fire Insurance Form states:

**Risk Based Protection**

In consideration of the premium paid, and subject to the limits of liability, exclusions, conditions and other terms contained in the Lender's General Form and this Residential Property Fire Insurance Form ("Residential Property Form), WE agree to indemnify YOU for a covered LOSS, to the extent of YOUR insurable interest in such LOSS.

The Conditions of the Residential Property Form state:

....

4. YOUR duties after LOSS. When a LOSS has occurred, YOU shall see that the following duties are performed:

.....

d.  submit to US, within 60 days after WE request, YOUR signed, sworn

Case No. 8:10-CV-2739-T-17TBM

proof of loss, which sets forth, to the best of YOUR knowledge and belief:

....

(2) YOUR interest and the interest of all others in the RESIDENTIAL PROPERTY and OTHER STRUCTURES and all encumbrances existing thereof;

(3) the details of any other insurance that may cover the LOSS;

....

13. Loss Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER's insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under the Residential Property Form.

Payment for LOSS will be made within thirty (30) days after WE reach agreement with YOU as to the amount of the LOSS, or, failing that, within thirty (30) days after the entry of a final judgment or the filing of an appraisal award with US.

....

18. Changes of Provisions. No change may be made to any provision of the Residential Property Form except by written endorsement issued by US. No other written changes or oral changes will be valid.


The Manufactured Home Fire Insurance Form includes provisions which are identical to the above provisions, except that they are under the Manufactured Home Form and apply to the Manufactured Home.

In a Notice dated June 12, 2009, (Dkt. 21-5), Bank of America notified Plaintiff Kerry Bullerdick that Bank of America purchased "Lender-Placed" insurance at

5

Case No. 8:10-CV-2739-T-17TBM

Plaintiff's expense.  The Notice states, inter alia:

**IMPORTANT INFORMATION ABOUT YOUR LENDER-PLACED INSURANCE**

....

This insurance will **only** protect BAC Home Loans' interest in your property.

....

In the event of a claim, all payments will be due to BAC Home Loans, except amounts in excess of BAC Home Loans' interest which will be forwarded to you.

The BAC Home Loans Customers Hazard Insurance Requirements attached to the above Notice (Dkt. 21-5, p. 4) states:

If we do not receive proof of insurance, or a bill to enable us to pay your policy premium if you have an escrowed loan, BAC Home Loans may obtain insurance to protect our interest at your expense. The cost of insurance we purchase to protect the property will become an additional obligation secured by your security instrument.  The coverage we purchase will insure for damage to the dwelling but not its contents.  It will be different than your current policy, will in most cases be more expensive, may have higher deductibles, and will not protect you from risks typically included in a homeowners policy.  For example, it will not cover loss, damage or theft to personal property; or injuries to persons or damage to property for which  you may be liable.  It also does not cover worker's compensation or damage due to flood or earthquake.  If purchased, the coverage amount for Lender-Placed insurance will be based on the replacement value, which we believe is the last known amount of coverage you purchased and, if we do not have that information, it will be your current principal balance.  Our lender-placed coverage may not be enough to fully replace or repair your property in the event of destruction.

6

Case No. 8:10-CV-2739-T-17TBM

The Court has considered the Policy provisions, and the circumstances under which the "Lender-Placed" Policy was obtained. The contract is an integrated contract. The Policy is intended to protect the interest of the Lender by preserving the value of the property secured by the mortgage until the loan has been repaid. The insurance policy is an indemnity policy, not a liability policy.

The Insurance Policy is a contract between BAC Home Loans Servicing, LP, the named insured, and Balboa Insurance Company, the insuror. Plaintiff Kerry Bullerdick is not a party to the contract. Whether a person who is not a party to a contract has standing as a third party beneficiary to enforce the contract is a question of state law.

Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely "incidental," and the third party has no legally enforceable right in the subject matter of the contract. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 981-2 (11th Cir. 2005)(collecting cases applying Florida law). Intent is determined by the terms of the contract as a whole, construed in light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish. A.R. Moyer v. Graham, 285 So.2d 397, 402 (Fla. 1973). Unless the intent to directly and primarily benefit the third party is specifically and clearly expressed within the contract, the third party beneficiary is an incidental beneficiary, who is not entitled to sue on the contract.

In this case, the Court notes that subject Insurance Policy expressly limits the rights of the Borrower to one potential right: to receive payment from BAC Home Loans Servicing, LP for any amount of a covered loss which is in excess of the insurable interest of BAC Home Loan Servicing, LP. The Insurance Policy contemplates that, after a loss, BAC Home Loans Servicing, LP would submit its Proof

Case No. 8:10-CV-2739-T-17TBM

of Claim, the loss would be adjusted only between BAC Home Loans Servicing, LP and Balboa Insurance Company, with payment for the loss to be made to BAC Home Loans Servicing, LP. If the amount of loss for which Balboa Insurance Company indemnified BAC Home Loans Servicing, LP exceeded the insurable interest of BAC, BAC Home Loans Servicing, LP would then forward payment to the Borrower, Kerry Bullerdick. The terms of the Insurance Policy establish that no benefits are payable directly to the Borrower, Plaintiff Bullerdick, and the insured is in a position to protect the interests of the Borrower during the claim adjustment process.

After consideration, the Court concludes that Plaintiff Kerry Bullerdick is an incidental third party beneficiary to the subject Insurance Policy, not an intended third party beneficiary. Therefore Plaintiff Kerry Bullerdick does not have standing to pursue this lawsuit or to invoke the statutory right to seek a Neutral Evaluation during the adjustment of the loss. Only the named insured, BAC Home Loans Servicing, LP could invoke that statutory right during its adjustment of the claim with Defendant Balboa Insurance Company. Accordingly, it is

**ORDERED** that this case is **dismissed** for lack of subject matter jurisdiction. The Motion for Summary Judgment (Dkt. 21). is **denied** as moot. The Clerk of Court shall close this case.

DONE AND ORDERED MARCH 5th, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record